UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/20

———————————————————————X

KIMBERLY SMITH,

    Plaintiff,

  -against-                                     20 Civ. 1274 (CM)

NEW YORK STATE PAROLE OFFICERS JOHN DOE

AND JANE DOE, ET AL,

    Defendants.

———————————————————————X

## DEFICIENCY ORDER

McMahon, C.J.:

To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

The instant case was filed by counsel on February 13, 2020, and was assigned a case number (Docket ## 1, 2). No fee was paid, and the docket does not show that an IFP application was filed. As a result, counsel for plaintiff was advised that he had five days to pay the fee or the case would be administratively closed. No fee was paid and the case was administratively closed on February 20, 2020 (Docket #4)

Plaintiff's pro bono attorney then move for leave to reopen the case and submitted an IFP application (Docket ## 5, 6). Unfortunately, Plaintiff's IPF affidavit does not establish that

she is unable to pay the filing fees, because Plaintiff does not provide income information, although she indicates that she has two jobs. The Court is, therefore, unable to determine whether Plaintiff is truly unable to afford the filing fees.

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should address the deficiencies described above by providing facts to establish that she is unable to pay the filing fees. She must list her income from the jobs she has indicated she holds.

If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. The case will be deemed filed on the date the complaint was originally filed with the court, which is February 13, 2020. However, nothing in this Deficiency Order should be interpreted as expressing any opinion as to the timeliness of a complaint that names only John and Jane Doe Defendants, and that does not identify any actual defendant, if in fact the statute of limitations would expire today, March 3, 2020.

If Plaintiff fails to comply with this order within the time allowed, the action will once again be dismissed.

Dated: March 2, 2020

_____

Chief Judge

BY ECF AND BY FAX TO COUNSEL FOR PLAINTIFF