UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KIMBERLY SMITH,                                  :
                Plaintiff,                  :
                                                 :
v.                                               :
                                                 :
PAROLE OFFICER MICHAEL P. KENNY;                 :   **OPINION AND ORDER**
PAROLE OFFICER ROBERT B.                         :
ROSENBERGER; FRANK GEMMATI (sued                 :   20 CV 1274 (VB)
herein as John Gemmati); DORIS CUEVAS            :
(sued herein as John J. Cuevas); JILL LENARD-    :
HORNE (sued herein as John Lenard Horne);        :
and JACK AND JILL DOE I–X,                        :
                Defendants.                 :
------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Kimberly Smith brings this Section 1983 action against defendants Parole

Officer Michael P. Kenny ("Officer Kenny"), Parole Officer Robert B. Rosenberger ("Officer

Rosenberger"), Frank Gemmati, Doris Cuevas, and Jill Lenard-Horne.[1]  Plaintiff alleges Officers

Kenny and Rosenberger fired discharged their handguns in the hallway of her apartment building

and inadvertently fired into plaintiff's apartment.

       Now pending is defendants' motion to dismiss the second amended complaint.  (Doc.

#133).

       For the reasons set forth below, the motion is GRANTED.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1]    Plaintiff misidentifies Frank Gemmati as John Gemmati, Doris Cuevas as John J. Cuevas,
and Jill Lenard-Horne as John Lenard Horne.

# BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the second amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff resides in an apartment building in Newburgh, New York, downstairs from a person on parole.  She alleges that on March 3, 2017, Officers Kenny and Rosenberger entered her building and fired their weapons in the hallway when plaintiff was in her apartment.  According to plaintiff, "bullets flew past her and lodged in the wall inches from her head," which "caused her extreme emotional distress and psychological and physical trauma."  (Doc. #109 ("SAC") ¶ 8).  Plaintiff alleges Officers Kenny and Rosenberger also killed the parolee's dog.

Plaintiff further alleges the other defendants—Gemmati, Lenard-Horne, and Cuevas (the "Supervisory Defendants")—are "[s]upervisory and administrative personnel" who "fail[ed] to adequately train, supervise, screen and discipline" Officers Kenny and Rosenberger.  (SAC ¶ 11).  Moreover, plaintiff contends these defendants failed to promulgate appropriate disciplinary procedures for parole officers who recklessly discharge their weapons "in areas where they could endanger bystanders," and thus "ratif[ied]" Officers Kenny and Rosenberger's actions.  (Id. ¶ 13).

Plaintiff commenced this action on February 13, 2020.  (Doc. #1).  In her second amended complaint, she alleges Fourth and Fourteenth Amendment claims against defendants.[2]

---

[2]     In her opposition to the motion to dismiss, plaintiff recognizes that defendants, as employees of the New York State Department of Corrections and Community Supervision, are immune from liability for violations of state law.  (Doc. #138 ("Pl. Opp."), at 6 n.1).  Accordingly, the Court deems all state-law claims in the second amended complaint to be withdrawn.

**DISCUSSION**

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v.

Iqbal, 556 U.S. 662, 679 (2009).[3]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678;

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard

of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544,

557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.    Lack of Personal Involvement

The Supervisory Defendants contend plaintiff has not alleged facts sufficient to show

they were personally involved in the alleged constitutional violations.

The Court agrees.

---

[3]        Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

To state a claim under Section 1983, a plaintiff must allege facts showing defendants' direct and personal involvement in the alleged constitutional deprivation.  See Spavone v. N.Y.S. Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.  See Tangreti v. Bachmann, 983 F.3d 609, 619–20 (2d Cir. 2020).

Here, plaintiff does not allege the Supervisory Defendants were personally involved in the purported violation of her constitutional rights.  Instead, plaintiff contends these defendants are responsible for the conduct of Officers Kenny and Rosenberger because they inadequately supervised them.  This is insufficient to establish personal involvement.  See Tangreti v. Bachmann, 983 F.3d at 619.

Moreover, to the extent plaintiff contends the Supervisory Defendants instituted an official policy or custom pursuant to which her constitutional rights were violated—that is, a so-called Monell claim—such claim must also be dismissed.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  To plausibly allege an official policy or custom, a plaintiff must allege "an express rule or regulation," or that a "challenged practice was so persistent or widespread as to constitute a custom or usage with the force of law," or facts sufficient to "imply the constructive acquiescence of senior policy-making officials."  Green v. Dep't of Educ., 16 F.4th 1070, 1077 (2d Cir. 2021).  "[A] general and conclusory allegation of a municipal policy or custom fails to state a plausible claim."  Id.  Here, plaintiff alleges a single incident of violence and generally alleges the Supervisory Defendants did not institute proper investigatory or disciplinary

procedures to address such incidents.  Thus, to the extent plaintiff is alleging a <u>Monell</u> claim against the Supervisory Defendants, it must also be dismissed.

Accordingly, plaintiff's claims against the Supervisory Defendants must be dismissed.

III.    <u>Fourth Amendment</u>

Officers Kenny and Rosenberger argue plaintiff's Fourth Amendment claim must be dismissed because she does not plausibly allege a constitutionally cognizable seizure.

The Court agrees.

A.    <u>Legal Standard</u>

The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.

"[T]he first step in any Fourth Amendment claim (or, as in this case, any section 1983 claim predicated on the Fourth Amendment) is to determine whether there has been a constitutionally cognizable seizure."  <u>Medeiros v. O'Connell</u>, 150 F.3d 164, 167 (2d Cir. 1998). A Fourth Amendment "seizure" occurs when police detain an individual under circumstances in which a reasonable person would believe he or she is not at liberty to leave.  <u>United States v. Mendenhall</u>, 446 U.S. 544, 554 (1980).

Moreover, for a plaintiff to allege a cognizable seizure, the plaintiff must allege the officer must have intended to restrain that individual.  <u>Medeiros v. O'Connell</u>, 150 F.3d at 168. For example, a bystander who was accidentally shot by a police officer when the officer was struggling with a suspect was not "seized" within the meaning of the Fourth Amendment.  <u>See, e.g.</u>, <u>Pickering v. Mercado</u>, 2006 WL 1026677, at *5–7 (E.D.N.Y. Apr. 17, 2006).

B.    Application

Here, plaintiff has not alleged a constitutionally cognizable seizure.

Plaintiff contends a seizure occurred because she was "restrained . . . by gunfire which fired into her apartment, nearly striking her."  (Pl. Opp. at 6).  But even drawing all inferences in her favor, plaintiff does not allege the gunfire was aimed at her.  Instead, plaintiff alleges she was a "bystander" and that the officers were acting "reckless[ly]" when firing in the hallway.  (See SAC ¶¶ 1, 8, 13).  In other words, she does not allege Officer Kenny or Rosenberger intended to restrain her, and thus does not allege a seizure for the purpose of the Fourth Amendment.  See, e.g., Longwa v. Larregui, 2011 WL 4005406, at *4 (D. Conn. Sept. 9, 2011) (dismissing Fourth Amendment claim based on an accidental shooting by police when the officers "did not intend to shoot" the plaintiff).

Accordingly, plaintiff's Fourth Amendment claim must be dismissed.

IV.    Fourteenth Amendment

Officers Kenny and Rosenberger argue plaintiff does not state a Fourteenth Amendment claim because she does not plausibly allege their conduct was sufficiently egregious.

The Court agrees.

The Supreme Court has construed the Fourteenth Amendment to prohibit "certain government actions regardless of the fairness of the procedures used to implement them," that is, to guarantee individuals certain "substantive due process" rights.  County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998).

"Alleged abuses of the police power" may violate a person's substantive due process rights "only when the conduct at issue 'shocks the conscience.'"  Medeiros v. O'Connell, 150 F.3d at 170 (quoting County of Sacramento v. Lewis, 523 U.S. at 841).  "[S]ubstantive due

process," however, "does not afford a cause of action for police negligence" or "even an intermediate level of fault, such as recklessness."  Id.

Here, plaintiff does not allege conduct that "shocks the conscience."  For example, in Pena v. DePrisco, 432 F.3d 98, 113–14 (2d Cir. 2005), the Second Circuit concluded police officers who "condon[ed] egregious drunk driving" engaged in behavior that "presented obvious risk of severe consequences and extreme danger" and thus "c[ould] properly be characterized as conscience shocking, in a constitutional sense."  In contrast, plaintiff alleges Officers Kenny and Rosenberger, in the course of their duties as parole officers, discharged their weapons in the hallway outside plaintiff's apartment and accidentally hit a neighbor's dog and nearly hit plaintiff.  This is, at most, recklessness, which "is not enough to impose constitutional liability." Medeiros v. O'Connell, 150 F.3d at 170; see, e.g., Hunter v. County of Orleans, 2013 WL 6081761, at *12 (W.D.N.Y. Nov. 19, 2013) (dismissing substantive due process claims based on plaintiff's injuries following force used by parole officers seeking to apprehend her son, a parolee who resided with her, because "even assuming that Defendants were negligent, or even reckless, in injuring Plaintiff's arm, their conduct did not approach the level of conscience shocking behavior").

Accordingly, plaintiff's Fourteenth Amendment claim must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is directed to terminate the motion (Doc. #133) and close this case.

Dated: May 31, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge